767 A.2d 369

MAYOR AND COUNCIL OF BERLIN, Maryland,

v.

James G. BARRETT, et al.

No. 1774, Sept. Term, 1999.

Court of Special Appeals of Maryland.

Feb. 28, 2001.

Elissa D. Levan (Robert H. Levan and Miles & Stockbridge, P.C., on the brief), Columbia, for appellant.

Joseph E. Moore (Jeffrey A. Pilchard and Williams, Hammond, Moore, Shockley & Harrison, L.L.P., on the brief), Ocean City, for appellees.

Argued before MOYLAN,* THIEME,* and SONNER, JJ.

SONNER, Judge.

This appeal involves the failed annexation of four parcels of land by appellant, the Mayor and Council of Berlin, Maryland (the "Town"). Appellees, James G. Barrett and several owners of real property located within two of the annexed parcels (the "Owners"), filed a complaint to void the annexation on two grounds. First, the Town did not obtain the minimum consent required for annexation, and second, the Town annexed parcels that were not contiguous to each other, as appellant maintains is required by the annexation statute. The Circuit Court for Worcester County granted the Owners' complaint for declaratory relief and voided the annexation, holding that the Town did not comply with the annexation statute. The Town has raised two issues on appeal, but because we affirm on the ground that the Town cannot "tie" together the consents of multiple non-contiguous parcels to reach the required minimum consent for annexation, it is not necessary for us to decide the second issue.

On November 9, 1998, the Town passed, by a 3–2 vote, Resolution No.1998–12, which effected the annexation of four

---

* Moylan, J. and Thieme, J. participated in the hearing and conference of this case while active members of this Court; they participated in the adoption of this opinion as retired, specially assigned members of this Court.

separate parcels of land to the corporate limits of the Town of Berlin. Each parcel is contiguous and adjoining to the Town's boundaries and consists of multiple lots under separate ownership. The lots located within the annexed parcels are not contiguous to each other, but they all abut the Town's water and wastewater lines in different areas. The Town annexed the parcels because it has a policy of extending its municipal boundaries to areas for which it uses public funds to construct and maintain water and sewer lines. Parcels 1 and 2 consist of several lots located to the south of Maryland Route 346 and U.S. Route 50, east of U.S. Route 113. Parcel 3 consists of several lots located to the north of Maryland Route 346, just west of the point at which it merges with U.S. Route 50, east of U.S. Route 113. Parcel 4 consists of several lots located on both the north and south sides of Maryland Route 346, west of U.S. Route 113.

The owners of the real property located in parcels 1, 2, and 3 gave consent to the annexation in the following percentages: approximately 10% for parcel 1, 36.3% for parcel 2, and 5% for parcel 3.[1] On December 14, 1998, the owners of lots located in parcels 1 and 3 filed a complaint in the Circuit Court for Worcester County, asserting that the annexation violated the Maryland Annexation statute. The Owners argued that the Town did not obtain consent for annexation from the owners of 25% of the assessed valuation of the real property in parcels 1 and 3 and, furthermore, all four parcels to be annexed were not contiguous with each other, as required by the statute. The Owners sought declaratory and injunctive relief, as well as a writ of mandamus.

On December 17, 1998, the court denied the Owners' request for injunctive relief on the ground that the Owners had not sufficiently demonstrated that they would be irreparably harmed by the denial of such relief. The matter went to trial

---

1. The record is not clear as to whether the Town's annexation of parcel 4 complied with the statutory requirements. In any event, appellees did not complain below that the annexation of the fourth parcel was defective, and they do not do so on appeal.

on August 30, 1999, and the court declined to hear testimony from either party and held that the issue in the case was exclusively legal. After argument, the court granted judgment in favor of the Owners on the ground that the annexation statute requires annexed parcels to be contiguous to one another, rather than to the annexing municipality and, because parcels 1 and 3 are not contiguous to parcel 4, the court declared the Resolution void with respect to those parcels. The court also held that the Town did not obtain the statutorily required consent from 25% of the owners of the assessed valuation of real property in parcels 1 and 3 and, for that reason as well, the annexation was void as to parcels 1 and 3. The annexation of parcels 2 and 4 were excepted from the court's order by the consent of the parties. The Town noted this appeal.

■ The Town contends that "area," as used in the annexation statute, refers to the total area to be annexed in a single annexation proceeding. Therefore, the Town further argues, a municipality may annex multiple non-contiguous parcels in a single annexation proceeding and "tie" together the consents from the several non-contiguous parcels in order to meet the statutorily required minimum consent from the property owners in each contiguous area. The Owners argue, and we agree, that "area" refers to each contiguous parcel, and therefore the Town cannot "tie" together consents from multiple non-contiguous areas, but must obtain the statutorily required consent from each contiguous area to be annexed.

The applicable statute provides, in pertinent part:

(b) *Initiation by legislative body.*—The proposal for change may be initiated by resolution regularly introduced into the legislative body of the municipal corporation, in accordance with the usual requirements and practices applicable to its legislative enactments, and also in conformity with the several requirements contained in subsections (b) and (c) of § 13 of this subtitle, but only after the legislative body has obtained the consent for the proposal from not less than 25 percent of the persons who reside in the area to be annexed

and who are registered as voters in county elections and **from the owners of not less than 25 percent of the assessed valuation of the real property located in the area to be annexed. . . .**

MD.CODE (1998 Repl.Vol.), art. 23A, § 19 (emphasis added).

Maryland has never squarely addressed the question of whether a municipality may annex multiple non-contiguous tracts of land in a single annexation proceeding by combining the consents of the real property owners from the non-contiguous areas. However, we do find the Louisiana case, *Dupre v. Mayor & Bd. of Aldermen of the City of Houma*, 126 So.2d 637 (La.Ct.App.1961), helpful in resolving this issue.

In *Dupre*, the city of Houma passed an ordinance that extended the territorial limits of the city by annexing three separate and distinct areas, each contiguous to the city, but none contiguous to each other. *Dupre*, 126 So.2d at 640. The annexation statute in *Dupre* provided, in pertinent part:

No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of the municipality containing the written assent of twenty-five percent in number of the resident property owners as well as twenty-five percent in value of the property within the area proposed to be included in the corporate limits according to the certificate of the parish assessor.

*Id.* at 641. The court rejected the idea that a municipality can annex multiple non-contiguous areas in a single annexation proceeding by "tying" together the consents from all three areas:

An obvious danger to be guarded against in a situation wherein multiple areas are annexed in a single ordinance is the possibility of one or more of said areas being annexed without the necessary petitioners in number and assessed value having assented thereto. If such be shown[,] the ordinance, of course, would be null and void. Another unwholesome result to be avoided is the possible inclusion of one area against its will by the simple expedient of the

governing body joining a populous area adjacent to the municipality and desiring annexation with a less populated area opposed to annexation [so] that the former can outvote the latter, the same result being possible whether annexation be attempted by popular election or petition.

*Id.* at 641–42.

We are persuaded by the reasoning in *Dupre.* Although the legislative history of the annexation statute does not shed any light as to the Legislature's intent in this area, we do not assume that the General Assembly intended to allow a town to annex multiple non-contiguous areas, where one consenting area can essentially force another non-consenting area into annexation. The Town's interpretation of the annexation statute would render the consent provision a nullity because any town could simply obtain the required consent for annexation from one contiguous area, and then force another separate and distinct non-consenting area into being annexed. Indeed, in this case, owners of at least 90% of the assessed value of property in parcels 1 and 3 refused to consent to the annexation, yet the Town annexed their property nonetheless. Established rules of statutory interpretation prevent us from accepting the Town's interpretation. *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106 (1994) (when analyzing a statute we seek to avoid constructions that are illogical, unreasonable, or inconsistent with common sense) (citations omitted). Accordingly, we hold that a municipality cannot annex multiple non-contiguous areas in a single annexation proceeding without obtaining the minimum consent from each contiguous area to be annexed.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**